# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TREVOR MATTIS,**<br>    Petitioner,<br><br>    v.<br><br>**DONALD T. VAUGHN,**<br>**THE DISTRICT ATTORNEY OF THE**<br>**COUNTY OF PHILA., and**<br>**THE ATTORNEY GENERAL OF THE**<br>**STATE OF PA.,**<br>    Respondents. | **CIVIL ACTION**<br><br><br><br>**NO. 99-6533** |

## <u>M E M O R A N D U M</u>

DuBois, J.                                June 4, 2018

### I. INTRODUCTION

This is a Request for Certificate of Appealability ("Request") filed by *pro se* petitioner Trevor Mattis with respect to this Court's Order dated March 12, 2018, denying *pro se* petitioner's Rule 60(b) Motion ("Motion"). In his Request, *pro se* petitioner contends that this Court failed to address arguments raised in supplemental briefing in support of his Motion. Because reasonable jurists would not debate the merits of denying *pro se* petitioner's Motion, his Request for Certificate of Appealability is denied.

### II. PROCEDURAL HISTORY

*Pro se* petitioner was convicted on July 20, 1990, in Pennsylvania state court for first degree murder and sentenced to life in prison. After pursuing a challenge to his conviction in state court pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), *pro se* petitioner filed a Petition for Writ of Habeas Corpus in this Court on December 22, 1999, contending, *inter alia*, that the prosecution had withheld exculpatory evidence at trial in violation of its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963). In denying and dismissing that Petition by Order dated January 17, 2001, the Court concluded, *inter alia*, that *pro se* petitioner's *Brady* claim was procedurally defaulted by appellate counsel's failure to file a petition for allowance of appeal in

the Pennsylvania Supreme Court. *Mattis v. Vaughn*, 128 F. Supp. 2d 249, 263-64 (E.D. Pa. 2001). *Pro se* petitioner appealed that ruling to the United States Court of Appeals for the Third Circuit, which affirmed the judgment of this Court by Order dated October 21, 2003. *Mattis v. Vaughn*, 80 F. App'x 154 (3d Cir. 2003).

On August 23, 2016, *pro se* petitioner filed an Application for Leave to File Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b) ("Application") in the Third Circuit, contending he was entitled to file a second or successive petition in light of new evidence of his actual innocence. Appl. at 19-20, 24, *In re Trevor Mattis*, No. 16-3434 (3d Cir. Aug. 23, 2016). By Order dated November 17, 2016, the Third Circuit denied *pro se* petitioner's Application, concluding that he had provided insufficient evidence of his actual innocence. Order, *Mattis v. Vaughn*, No. 99-6533 (E.D. Pa. Nov. 17, 2016), Doc. No. 39.

On December 27, 2016, *pro se* petitioner filed a Rule 60(b) Motion in this Court, setting forth the same claim of actual innocence, based on the same evidence presented to the Third Circuit. Motion, *Mattis*, No. 99-6533 (E.D. Pa. Dec. 27, 2016), Doc. No. 40. Over the next fifteen months, *pro se* petitioner filed at least eleven additional documents in support of his Motion, variously labeled as exhibits, memoranda, supplements, and addenda ("supplemental briefing"). By Order dated March 12, 2018, this Court denied *pro se* petitioner's Motion on the same ground on which the Third Circuit denied his Application under § 2244: "*pro se* petitioner has not satisfied his burden of proving that he is actually innocent." Order at 3, *Mattis*, No. 99-6533 (E.D. Pa. Mar. 12, 2018), Doc. No. 56.

On March 26, 2018, *pro se* petitioner filed the Request for Certificate of Appealability currently pending before this Court, contending that this Court failed to consider the following arguments set forth in his supplemental briefing[1]:

1. that the "layered ineffective assistance of Trial, Direct appeal, and Appellate counsel" excuses the default of the *Brady* claim in his original habeas petition, pursuant to *Martinez v Ryan*, 566 U.S. 1, 9 (2012). Doc. No. 57 at 1, 3; *see also* Doc. No. 49 at 1; Doc No. 50 at 1-2; Doc. No. 51 at 4, 6.

1b. that appellate counsel's failure to file a petition for allowance of appeal in the Pennsylvania Supreme Court amounts to abandonment by counsel and constitutes "cause" under *Martinez* to excuse the default of his *Brady* claim. Doc. No. 57 at 4.

2. that the prosecution's "*Brady*/perjured testimony violation" constitutes cause to excuse an unspecified procedural default under *Martinez*. Doc. No. 57 at 6.

2b. that he is entitled to relief for the prosecution's *Brady* violations pursuant to the Third Circuit's decision in *Haskell v. Superintendent*, 866 F.3d 139 (3d Cir. 2017). *E.g.*, Doc. No. 53 at 1; Doc. No. 57 at 3.

*Pro se* petitioner contends in his Request that the Court should issue a certificate of appealability on these arguments. The Request is ripe for decision.

### III. LEGAL STANDARD

*Pro se* petitioner's Request is based on changes in the law under *Martinez* and *Haskell*. Changes in law may warrant relief under the "catch-all provision" of Rule 60(b)(6) in "extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." *Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014) (quoting *Sawka v. Healtheast*,

---

[1] In his Request, *pro se* petitioner presents his second and fourth arguments as subpoints to his first and third arguments, respectively. The Court retains *pro se* petitioner's numbering in this Memorandum.

3

*Inc.*, 989 F.2d 138, 140 (3d Cir. 1993)). In determining whether "extraordinary circumstances exist" to justify relief under Rule 60(b)(6), courts "must examine the full panoply of equitable circumstances in the particular case." *Satterfield v. Dist. Att'y of Phila.*, 872 F.3d 152, 155 (3d Cir. 2017) (citing *Cox*, 757 F.3d at 118). Those circumstances include, but are not limited to: "(1) the timeliness of [the] Rule 60(b)(6) motion; (2) the merits underlying [petitioner's] ineffective assistance of counsel claim; (3) the amount of time that elapsed between [petitioner's] conviction and the commencement of habeas proceedings; (4) [petitioner's] diligence in pursuing review of his claims; and (5) the gravity of [petitioner's] sentence." *Greene v. Superintendent Smithfield SCI*, 882 F.3d 443, 448 n.5 (3d Cir. 2018); *see also Satterfield*, 872 F.3d at 161 n.10. However, it is "an unstated but critical premise" that "a change in the law doesn't even begin to support a Rule 60(b) motion unless the change is actually relevant to the movant's position." *Norris v. Brooks*, 794 F.3d 401, 405 (3d Cir. 2015)

Because *pro se* petitioner is seeking a certificate of appealability of the Court's March 12, 2018, Order denying his Motion under Rule 60(b), the question before the Court is whether reasonable jurists would debate whether the Rule 60(b) Motion states a valid claim of the denial of a constitutional right or the propriety of this Court's procedural rulings with respect to *pro se* petitioner's claims. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Buck v. Davis*, 137 S. Ct. 759, 773, 775 (2017). The Court now considers each of *pro se* petitioner's grounds for relief.

## IV. ANALYSIS

### A. Ground 1: Cause for Procedural Default of Claims for "Layered" Ineffective Assistance of Counsel under *Martinez*

In his Request, *pro se* petitioner first contends that the default of the *Brady* claim in his original habeas petition is excused by the "layered ineffective assistance of Trial, Direct appeal,

4

and Appellate counsel"[2] pursuant to the Supreme Court's decision *Martinez v Ryan*. Doc. No. 57 at 3. In *Martinez*, the Supreme Court held that the ineffective assistance of counsel in state collateral proceedings may constitute "cause" to excuse the procedural default of a claim for ineffective assistance of *trial* counsel. 566 U.S. at 9. For the reasons stated below, the Court concludes that *Martinez* is not relevant to *pro se* petitioner's claims for "layered" ineffective assistance of counsel and therefore does not warrant relief under Rule 60(b)(6) with respect those claims.

First, *pro se* petitioner's claim for "layered" ineffective assistance of appellate counsel has been precluded by the Supreme Court decision *Davila v. Davis*, 137 S. Ct. 2058, 2065 (2017). In that claim for "layered" ineffective assistance of counsel, *pro se* petitioner contends that the default of his *Brady* claim is excused by the ineffective assistance of his appellate counsel for "fail[ing] to file allocatur to the State Supreme Court," and that the default[3] of his claim for ineffective assistance of his appellate counsel is excused by the ineffective assistance of his PCRA counsel. Doc. No. 49 at 2-3; *see also* Doc. No. 50 at 1; Doc. No. 57 at 3. In *Davila*, however, the Supreme Court limited *Martinez*, holding that a federal court may not "hear a substantial, but procedurally defaulted, claim of ineffective assistance of appellate counsel when a prisoner's state postconviction counsel provides ineffective assistance by failing to raise that claim." 137 S. Ct. at 2065. In light of *Davila*, the change of law articulated in *Martinez* is not "actually relevant to [*pro se* petitioner's] position" that the default of his claim for ineffective assistance of appellate counsel is excused by the ineffective assistance of his PCRA counsel.

---

[2] In his Request, *pro se* petitioner refers to "Trial, Direct appeal, and Appellate counsel." *Martinez*, however, pertains only to PCRA counsel. The Court construes this language in the Request as pertaining to trial, appellate, and PCRA counsel.

[3] *Pro se* petitioner has procedurally defaulted his underlying claims for ineffective assistance of appellate and trial counsel, as they were not presented in his state court proceedings, *see Mattis*, 128 F. Supp. 2d at 253, and are barred by the one-year statute of limitations of the PCRA, 42 Pa. Con. Stat. § 9545(b)(1). *See Keller v. Larkins*, 251 F.3d 408, 415-16 (3d Cir. 2001).

*Norris,* 794 F.3d at 405; *accord Greene*, 882 F.3d at 451 n.9. *Martinez* does not support relief under Rule 60(b)(6) with respect to this claim.

Second, *pro se* petitioner's claim for "layered" ineffective assistance of trial counsel is irrelevant to the default of his *Brady* claim and cannot excuse that default. As noted above, *pro se* petitioner's *Brady* claim was defaulted by appellate counsel when he failed to file a petition for allowance of appeal in the Pennsylvania Supreme Court. In his claim for "layered" ineffective assistance of trial counsel, however, *pro se* petitioner argues that *trial* counsel's alleged failure to discover the exculpatory evidence underlying his *Brady* claim excuses the default of his *Brady* claim. *Pro se* petitioner also argues under *Martinez* that the default of his claim for ineffective assistance of trial counsel is excused by the ineffective assistance of his PCRA counsel. Doc. No. 49 at 2.

The Court rejects this argument. The alleged errors by trial counsel have nothing to do with the default of his *Brady* claim by appellate counsel. Because the alleged errors by trial counsel are irrelevant to the default of *pro se* petitioner's *Brady* claim by appellate counsel, petitioner's claim of "layered" ineffective assistance of trial counsel does not excuse the default of that claim.

**B. Ground 1b: Extension of *Martinez* to Abandonment by Appellate Counsel**

In his next ground for relief, *pro se* petitioner argues that *Martinez* ought to be extended to excuse the default of the *Brady* claim raised in his original habeas petition because of the alleged abandonment by appellate counsel by failing to file a petition for allowance of appeal in the Pennsylvania Supreme Court. Doc. No. 57 at 2; Doc. No. 49 at 2-3.

The cases cited by *pro se* petitioner in support of his position are inapposite. In his argument, *pro s*e petitioner relies on Supreme Court decisions holding that counsel may be ineffective for failing to file an initial appeal as a matter of right, *Roe v. Flores-Ortega*, 528 U.S.

470, 487 (2000), and that the abandonment of counsel in collateral proceedings may warrant equitable tolling of the statute of limitations under AEDPA, *Holland v. Florida*, 560 U.S. 631, 652 (2010). *See also Evitts v. Lucey*, 469 U.S. 387, 396 (1985). In *pro se* petitioner's case, however, the relevant attorney error did not occur in an initial appeal as a matter of right or in collateral proceedings, but when appellate counsel failed to file a petition for allowance of a discretionary appeal in the Pennsylvania Supreme Court. The United States Supreme Court has long distinguished discretionary appeals to state supreme courts, where there is no right to effective assistance of counsel, *Wainwright v. Torna*, 455 U.S. 586, 587 (1982), from the assistance of counsel in an initial appeal as a matter of right or in collateral proceedings. Because *Flores-Ortega* and *Holland* do not address the ineffective assistance of counsel in filing a petition for allowance of a discretionary appeal to a state supreme court, those cases are inapposite to *pro se* petitioner's case and do not warrant relief under Rule 60(b)(6).

The Supreme Court decision in *Davila* forecloses *pro se* petitioner's request to extend *Martinez* to appellate counsel's failure to file a petition for allowance of appeal in the Pennsylvania Supreme Court. As noted above, *Martinez* allows a habeas petitioner to excuse the default of a claim for ineffective assistance of *trial* counsel by showing that the default was caused by ineffective assistance of counsel in state collateral proceedings. In *Davila*, the Supreme Court declined to extend *Martinez* to excuse the default of a claim for ineffective assistance of *appellate* counsel. In reaching that conclusion, the Supreme Court stated that extending "*Martinez*'s highly circumscribed, equitable exception to new categories of procedurally defaulted claims" would allow the exception to replace the rule. 137 S. Ct. at 2065.

For all the foregoing reasons, the Court rejects *pro se* petitioner's argument that *Martinez* should be extended to a new class of claims—those procedurally defaulted due to ineffective

7

assistance of appellate counsel. *Pro se* petitioner's claim for relief under Rule 60(b)(6) on this ground is denied.

### C. Ground 2: Extension of *Martinez* to *Brady* Claim

Petitioner next argues that "a *Martinez v Ryan* exception extends to a *Brady* violation that involves perjured testimony . . . as cause to excuse [a] procedural default." Doc. No. 57 at 1-2, 6. To support his contention, *pro se* petitioner relies entirely on the Third Circuit decision in *Haskell v. Superintendent Greene SCI*, 866 F.3d 139 (3d Cir. 2017). *Id.* at 6. The Third Circuit in *Haskell*, in ruling that a habeas petitioner was entitled to relief, held that the petitioner need only show that the prosecution's knowing use of perjured testimony at trial was "material" and not that the petitioner suffered "actual prejudice" as a consequence. 866 F.3d at 148. *Haskell*, however, does not address *Martinez* or the excusing of the procedural default of claims for relief for *Brady* violations. In light of the Supreme Court decision in *Davila*, *supra*, this Court declines to extend *Martinez* by treating *Brady* violations as cause for excusing a procedural default.[4]

### D. Ground 2b: Claim for Relief under *Haskell*

Finally, *pro se* petitioner argues that he is entitled to relief under the "materiality" standard articulated by the Third Circuit in *Haskell*, *supra*, for the prosecution's knowing use of perjured testimony. Doc. No. 57 at 7-8.

---

[4] Although *pro se* petitioner frames this claim under *Martinez*, "cause" to excuse a procedural default may also be established outside the *Martinez* framework where a petitioner shows that the default of a claim was caused by "the state's suppression of relevant evidence" in violation of *Brady*. *Johnson v. Folino*, 705 F.3d 117, 128 (3d Cir. 2013) (quoting *Banks v. Dretke*, 540 U.S. 668, 691 (2004)). *Pro se* petitioner, however, cannot make this showing. Despite the alleged suppression of evidence, *pro se* petitioner's appellate counsel raised a *Brady* claim on direct appeal to the Pennsylvania Superior Court, *see Mattis*, 128 F. Supp. 2d at 253, and consequently, the alleged suppression of evidence could not have caused the default of the *Brady* claim by appellate counsel's failure to file a petition for allowance of appeal in the Pennsylvania Supreme Court. There is no causal connection between the alleged suppression of evidence at trial and the default of the *Brady* claim by appellate counsel by failing to file a petition for allowance of appeal in the Pennsylvania Supreme Court.

The standard articulated in *Haskell*, however, applies only to claims a federal court may reach on the merits. Indeed, in *Haskell*, the prosecution conceded that the claim for perjured testimony "was not procedurally defaulted and that the District Court must review it on the merits." 866 F.3d at 145. In this case, however, the Court is barred from reaching the merits of *pro se* petitioner's claim that the prosecution knowingly used perjured testimony for two reasons. First, the Court may not address the merits of the claim because *pro se* petitioner did not raise this claim in his original habeas petition, *Mattis*, 128 F. Supp. 2d at 254, and it is barred as a second or successive petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 532, 532 n.4 (2005). Second, as with his *Brady* claim, petitioner did not present this claim to the Pennsylvania Supreme Court on direct appeal; thus, it is procedurally defaulted along with his *Brady* claim. *Pro se* petitioner has not shown cause and prejudice or manifest injustice to excuse the procedural default. *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999) (citing 28 U.S.C. § 2254(b)).

The decision in *Haskell* is applicable only to the merits of a claim for the prosecution's knowing use of perjured testimony at trial. It is irrelevant to *pro se* petitioner's Motion and does not support his request for relief pursuant to Rule 60(b).

### E. Order 218 of the Pennsylvania Supreme Court

Finally, the default of *pro se* petitioner's *Brady* claim by appellate counsel's failure to file a petition for allowance of appeal in the Pennsylvania Supreme Court is not excused by Order 218 of the Pennsylvania Supreme Court, effective May 9, 2000. Order 218 provides that a habeas petitioner need not file a petition for allowance of appeal in the Pennsylvania Supreme Court to exhaust his state remedies for purposes of federal habeas corpus proceedings. *Lambert v. Blackwell*, 387 F.3d 210, 234 (3d Cir. 2004). However, that Order does not apply retroactively, *Wenger v. Frank*, 266 F.3d 218, 226 (3d Cir. 2001), and is inapplicable to this case

9

because the time in which *pro se* petitioner was required to file a petition for allowance of appeal in the Pennsylvania Supreme Court expired thirty days after the Pennsylvania Superior Court denied his appeal on July 14, 1992, *Mattis*, 128 F. Supp. 2d at 263.

V.   **CONCLUSION**

For the foregoing reasons, *pro se* petitioner's Request for Certificate of Appealability is denied. A certificate of appealability was not issued in this case, and will not be issued at this time, because reasonable jurists would not debate whether the habeas corpus petition or the Rule 60(b) Motion states a valid claim of the denial of a constitutional right or the propriety of this Court's procedural rulings with respect to *pro se* petitioner's claims. *See* 28 U.S.C. § 2253(c)(2) (providing that a certificate of appealability in a § 2254 case "only if the applicant has made a substantial showing of the denial of a constitutional right"); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). An appropriate order follows.